Louis Pechman, Esq.
Laura Rodriguez, Esq.
Pechman Law Group PLLC
488 Madison Avenue - 11th Floor
New York, New York 10022
(212) 583-9500
pechman@pechmanlaw.com
rodriguez@pechmanlaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------X

RONALDO GRANZIER,

                Plaintiff,

      -against-                             **COMPLAINT**

FRENCH AVENUE B INC. d/b/a PARDON MY
FRENCH, MARIO CARTA, and ANTONIN BRUNE,

                Defendants.

-----------------------------------------------------------------X

Plaintiff Ronaldo Granzier ("plaintiff" or "Granzier") by his attorneys Pechman Law Group PLLC, complaining of defendants French Avenue B Inc. d/b/a Pardon My French, Mario Carta, and Antonin Brune (collectively referred to herein as "defendants" or "Pardon My French"), alleges:

**NATURE OF THE ACTION**

1. This action is brought to recover unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and the New York Labor Law § 190, *et seq.* ("NYLL"), and to recover unpaid spread-of-hours pay pursuant to the NYLL.

2. Plaintiff worked for defendants at Pardon My French, a restaurant located at 103 Avenue B, New York, New York 10009.

3. Pardon My French is a French bistro that prepares and serves Mediterranean influenced tapas and alcoholic beverages for customers on its premises.

4. At all times relevant, defendants paid plaintiff at a "tipped" minimum wage, but did not satisfy the strict requirements of the FLSA and the NYLL entitling defendants to apply a tip credit to the statutory full minimum wage.

5. Defendants failed to compensate plaintiff for any hours worked over forty per week.

6. Defendants failed to provide spread-of-hours pay to plaintiff.

7. Plaintiff did not receive accurate weekly wage statements.

8. Defendants also failed to furnish plaintiff with wage notices.

9. Plaintiff seeks injunctive and declaratory relief against defendants' unlawful actions, compensation for unpaid minimum wages, unpaid overtime pay, unpaid spread-of-hours pay, liquidated damages, pre-judgment and post-judgment interest, and attorneys' fees and costs pursuant to the FLSA and NYLL.

## JURISDICTION

10. This Court has subject matter jurisdiction of this case pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331 and 1337, and has supplemental jurisdiction over plaintiff's claims under the NYLL pursuant to 28 U.S.C. § 1367.

## VENUE

11. Venue is proper in the Southern District of New York under 28 U.S.C. §1391, as Pardon My French is located in the Southern District of New York.

## THE PARTIES

**Plaintiff**

12. Ronaldo Granzier ("Granzier") resides in Brooklyn, New York.

13. Granzier was employed by defendants as a waiter and a food runner from April 2015 to May 2016.

**Defendants**

14. Defendant French Ave B Inc. is a New York corporation that owns and operates Pardon My French.

15. French Avenue B Inc. is an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

16. French Avenue B Inc. has employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

17. French Avenue B Inc. has an annual gross volume of sales in excess of $500,000.

18. Defendant Mario Carta ("Carta") is an owner of Pardon My French.

19. Carta exercises sufficient control over Pardon My French's operations to be considered plaintiff's employer under the FLSA and NYLL, and at all times material herein had the authority to hire and fire employees, and established and implemented the pay practices at Pardon My French.

20. Defendant Antonin Brune ("Brune") is an owner of Pardon My French.

21. Brune exercises sufficient control over Pardon My French's operations to be considered plaintiff's employer under the FLSA and NYLL, and at all times material herein had the authority to hire and fire employees, and established and implemented the pay practices at Pardon My French.

22. At all relevant times, Carta and Brune were involved in managing the day-to-day operations of Pardon My French and were regularly present in the restaurant.

23. Carta and Brune both supervised and directed plaintiff's work on a daily basis.

24. Brune hired plaintiff in April 2015.

25. Brune regularly sent text messages to plaintiff and other employees with the staff schedule for the week.

## FACTUAL ALLEGATIONS

**Ronaldo Granzier**

26. Granzier worked as a server and as a food runner throughout his time employed by defendants.

27. Defendants regularly scheduled Granzier to work some shifts per week as a food runner and some shifts per week as a server.

28. Servers and food runners both fall under the category of "tipped employees" pursuant to the FLSA.

29. From April 2015 to May 2016, Granzier regularly worked five to seven days per week.

30. When Granzier was scheduled to work Monday through Thursday he worked from approximately 4:00 p.m. to approximately 11:00 p.m.

31. When Granzier worked Friday, he worked from approximately 5:00 p.m. to approximately 2:00 a.m.

32. Granzier was typically scheduled to work double shifts on Saturday and Sunday, the first shift starting at approximately 10:00 a.m. and ending at approximately 4:00 p.m. The second shift was from approximately 4:00 p.m. to approximately 11:30 p.m.

33. Granzier regularly worked more than forty hours per week.

4

34. Regardless of the number of hours he worked, defendants only paid Granzier for a maximum of forty hours of work per week.

35. Defendants failed to compensate Granzier at one and one-half times the statutory minimum wage rate for hours worked in excess of forty per workweek.

36. Defendants also failed to pay Granzier spread-of-hours pay when the length of his workday exceeded ten hours.

37. Defendants applied an invalid "tip credit" to pay Granzier at a reduced minimum wage rate for his first forty hours of work per week.

38. From April 2015 to December 2015, Granzier was paid for forty hours of work at the rate of $5.00 per hour, rather than the statutory minimum wage rate, which at that time was $8.75 per hour.

39. From January 2016 to May 2016, Granzier was paid for forty hours of work at the rate of $7.50 per hour, rather than the statutory minimum wage rate, which at that time was $9.00 per hour.

40. Defendants failed to provide sufficient notice to Granzier regarding the tip credit provisions of the FLSA and the NYLL, or their intent to apply a tip credit to his wages.

41. As a result, defendants were not entitled to reduce plaintiff's minimum wage rate by applying the tip credit allowance that is available under the FLSA and NYLL.

42. When Granzier worked as a food runner, defendants required that he spend more than twenty percent of his shift performing non-tipped work.

43. For more than twenty percent of his shifts as a food runner Granzier engaged in non-tipped work such as: plating food in the kitchen, decorating dessert plates with intricate garnishes, and cleaning the kitchen.

44. The weekly wage statements given to plaintiff by defendants did not accurately report, *inter alia*, his hours worked and rates of pay.

45. Defendants also failed to furnish plaintiff with a wage notice at the time of hiring and whenever his wage rates changed.

**FIRST CLAIM**
**(Fair Labor Standards Act – Unpaid Minimum Wage)**

46. Plaintiff repeats and realleges all foregoing paragraphs as if fully set forth herein.

47. Defendants are employers within the meaning of 29 U.S.C. §§ 203(e) and 206(a), and employed plaintiff.

48. Defendants were required to pay to plaintiff the applicable minimum wage rate.

49. Defendants were not eligible to avail themselves of the federal tipped minimum wage rate under the FLSA because:

    a. defendants were required to, but failed to, inform plaintiff of the provisions of subsection 203(m) of the FLSA, 29 U.S.C. § 203(m); and

    b. defendants required plaintiff to work more than twenty percent of his shift performing non-tipped work.

50. Defendants failed to pay plaintiff the minimum wages to which he was entitled under the FLSA.

51. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful and have not made a good faith effort to comply with the FLSA with respect to the compensation of plaintiff.

52. As a result of defendants' willful violations of the FLSA, plaintiff suffered damages by being denied minimum wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages,

pre-judgment interest, post-judgment interest, attorneys' fees and costs of this action, and other compensation pursuant to 29 U.S.C. § 216(b).

## SECOND CLAIM
### (New York Labor Law – Unpaid Minimum Wage)

53. Plaintiff repeats and realleges all foregoing paragraphs as if fully set forth herein.

54. Defendants were not eligible to avail themselves of the tipped minimum wage rate under the NYLL because,

   a. defendants were required to, but failed to, inform plaintiff of the tip credit provisions of the NYLL and the supporting New York State regulations; and

   b. defendants required plaintiff to work more than twenty percent of his shift performing non-tipped work.

55. Defendants are employers within the meaning of the NYLL §§ 190, 651(5), 652, and supporting New York State Department of Labor Regulations, and employed plaintiff.

56. Defendants failed to pay plaintiff the minimum hourly wage to which he was entitled under the NYLL.

57. Defendants have willfully violated the NYLL by knowingly and intentionally failing to pay plaintiff the minimum hourly wage.

58. As a result of defendants' violations of the NYLL, plaintiff is entitled to recover his unpaid wages, reasonable attorneys' fees and costs of the action, liquidated damages and pre-judgment and post-judgment interest.

## THIRD CLAIM
### (Fair Labor Standards Act – Unpaid Overtime)

59. Plaintiff repeats and realleges all foregoing paragraphs as if fully set forth herein.

60. Defendants are required to pay plaintiff one and one-half (1½) times the regular rate at which plaintiff was employed for all hours worked in excess of forty hours in a workweek pursuant to the overtime wage provisions set forth in the FLSA, 29 U.S.C. § 207, *et seq.*

61. Defendants failed to pay plaintiff the overtime wages to which he is entitled under the FLSA.

62. Defendants willfully violated the FLSA by knowingly and intentionally failing to pay plaintiff overtime wages.

63. Due to defendants' violations of the FLSA, plaintiff is entitled to recover his unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

### FOURTH CLAIM
### (New York Labor Law – Unpaid Overtime)

64. Plaintiff repeats and realleges all foregoing paragraphs as if fully set forth herein.

65. Under the NYLL and supporting New York State Department of Labor Regulations, defendants were required to pay plaintiff one and one (1½) half times the regular rate of pay for all hours he worked in excess of forty.

66. Defendants have failed to pay plaintiff the overtime wages to which he was entitled under the NYLL.

67. Defendants willfully violated the NYLL by knowingly and intentionally failing to pay plaintiff overtime wages.

68. Due to defendants' willful violations of the NYLL, plaintiff is entitled to recover his unpaid overtime wages, reasonable attorneys' fees and costs of the action, liquidated damages and pre-judgment and post-judgment interest.

## FIFTH CLAIM
### (New York Labor Law – Spread-of-Hours Pay)

69. Plaintiff repeats and realleges all forgoing paragraphs as if set forth herein.

70. Defendants willfully failed to pay plaintiff additional compensation of one hour's pay at the basic minimum hourly wage rate for each day during which plaintiff worked more than ten hours.

71. By defendants' failure to pay plaintiff spread-of-hours pay, defendants willfully violated the NYLL Article 19, §§ 650, *et seq.*, and the supporting New York State Department of Labor Regulations, including, but not limited to, 12 N.Y.C.R.R. §§ 137-1.7, 3.10, and 146-1.6.

72. Due to defendants' willful violations of the NYLL, plaintiff is entitled to recover an amount prescribed by statute, reasonable attorneys' fees and costs of the action, pre- and post-judgment interest, and liquidated damages.

## SIXTH CLAIM
### (New York Labor Law – Wage Theft Prevention Act)

73. Plaintiff repeats and realleges all foregoing paragraphs as if fully set forth herein.

74. The NYLL and Wage Theft Prevention Act ("WTPA") require employers to provide all employees with a written notice of wage rates at the time of hire and whenever there is a change to an employee's rate of pay. From its enactment on April 9, 2011, through 2014, the Wage Theft Prevention Act also required employers to provide an annual written notice of wages to be distributed on or before February 1 of each year of employment.

75. The NYLL and WTPA also require employers to provide employees with an accurate wage statement each time they are paid.

76. Throughout plaintiff's employment with defendants, defendants paid plaintiff without providing a wage statement accurately listing: the regular rate, the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages.

77. In violation of NYLL § 191, defendants failed to furnish to plaintiff at the time of hiring, and whenever there was a change to plaintiff's rates of pay, wage notices containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer, and anything otherwise required by law; in violation of the NYLL § 195(1).

78. Defendants failed to furnish plaintiff with each payment of wages an accurate statement listing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages; in violation of the NYLL § 195(3).

79. Due to defendants' violation of NYLL § 195(1), plaintiff is entitled to recover from defendants liquidated damages of $50 per day that the violation occurred,

up to a maximum of $5,000, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to the NYLL § 198(1-b).

80. Due to defendants' violation of NYLL § 195(3), plaintiff is entitled to recover from defendants liquidated damages of $250 per workweek that the violation occurred, up to a maximum of $5,000, reasonable attorney's fees, and costs and disbursements of the action, pursuant to the NYLL § 198(1-d).

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff, respectfully requests that this Court enter a judgment:

    a.    declaring that defendants applied an invalid tip credit, therefore violating the minimum wage provisions of the FLSA and the NYLL;

    b.    declaring that defendants have violated the and overtime wage provisions of the NYLL and FLSA;

    c.    declaring that defendants have violated the spread-of-hours pay provisions of the NYLL;

    d.    declaring that defendants violated the notice provisions of the Wage Theft Prevention Act;

    e.    declaring that defendants' violations of the FLSA and NYLL were willful;

    f.    awarding unpaid minimum wages and overtime wages, and an additional and equal amount as liquidated damages pursuant to the FLSA;

    g.    awarding unpaid minimum wages, overtime wages, and liquidated damages permitted by law pursuant to the NYLL;

    h.    awarding plaintiff unpaid spread-of-hours pay;

    i.    awarding liquidated damages as a result of defendants' failure to furnish a wage notice pursuant to the NYLL;

j. awarding pre- and post-judgment interest under the FLSA and the NYLL;

k. awarding reasonable attorneys' fees and costs pursuant to the FLSA and the NYLL; and

l. awarding such other and further relief as the Court deems just and proper.

Dated: New York, New York
June 17, 2016

PECHMAN LAW GROUP PLLC

By: _____
Louis Pechman
Laura Rodriguez
488 Madison Avenue - 11th Floor
New York, New York 10022
(212) 583-9500
pechman@pechmanlaw.com
rodriguez@pechmanlaw.com
*Attorneys for Plaintiff*